DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment that terminated the marriage of Janet K. Addington, plaintiff below and appellee herein, and William E. Addington, defendant below and appellant herein. The following error is assigned for our review:
"The trial court erred in not taking into consideration the earning capacity of the respective parties when determining spousal support."
 {¶ 2} The parties were both pharmacy students at Ohio State University when they married on December 9, 1978. Following graduation, they worked as pharmacists for different employers in Columbus until 1980, when they relocated to Oak Hill and purchased their own pharmacy.[1]
 {¶ 3} In the early 1990s, the appellant became "burned out" and decided to attend medical school. The couple sold their business and used the proceeds to purchase a home in Portsmouth. They also sold their Oak Hill home and used those proceeds, together with the appellee's earnings as a part-time pharmacist, to support the family while appellant pursued his medical education. Appellant enrolled at Ohio University in 1994, completed his studies two years later and finished his residency in 2001. By that point, however, he and the appellee were having marital difficulties.
 {¶ 4} Appellee commenced the instant action on August 6, 2003. She alleged that the appellant was guilty of gross neglect of duty and extreme cruelty, and requested a divorce, permanent spousal support and an equitable division of marital property. Appellant denied the appellee's allegations, but also requested a divorce and equitable division of property on the same grounds. At the April 8, 2004 hearing, both sides adduced evidence relative to the spousal support issue.[2] Appellee testified that she worked approximately thirty-two hours per week as a pharmacist at the Southern Ohio Medical Center and earned $45 per hour. The evidence further revealed that in 2003 the appellee earned $69,000 and the appellant earned $250,000. Appellee asked that she be awarded sufficient spousal support to maintain the standard of living that she and her ex-husband enjoyed during their marriage.
 {¶ 5} On May 3, 2004, the trial court issued a detailed decision that analyzed each party's earning capabilities, present incomes and future financial needs. The court concluded that, in light of their current incomes, their previous high standard of living and the marriage's long duration, it was reasonable to award the appellee $2,500 per month in spousal support. On May 17, 2004, the trial court issued its final decree and granted the parties a divorce and ordered the appellant to provide the appellee $2,500 per month in spousal support until either of their deaths or her remarriage. This appeal followed.
 {¶ 6} Appellant's sole assignment of error challenges the trial court's spousal support award. He does not challenge the continuing nature of that award but, rather, the amount. In particular, he asserts that the trial court did not take into account the parties' respective earning capacities when making the award.
 {¶ 7} The trial court expressly noted that the appellee is an experienced pharmacist. The court further noted that, although the appellee had some minor physical ailments (bursitis) and emotional problems (depression), neither of these factors impeded her work. While it is true that the appellee worked less than full-time (thirty-two hours per week), it is also uncontroverted that this is the maximum number of hours that she could work for her current employer (Southern Ohio Medical Center). The trial court also elaborated on appellant's educational background and his earning capabilities as a physician. Thus, we find no merit in appellant's claim that the trial court failed to consider the parties' earning capacities.
 {¶ 8} To the extent that the appellant also argues that the trial court did not afford the proper weight to those earning capacities, we are unpersuaded. When determining what amount of spousal support is appropriate and reasonable, a court must consider the following R.C. 3105.18(C)(1) factors:
(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
(c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
(g) The standard of living of the parties established duringthe marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, including but not limited to any courtordered payments by the parties;
(j) The contribution of each party to the education, training,or earning ability of the other party, including, but not limitedto, any party's contribution to the acquisition of a professionaldegree of the other party;
(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
(l) The tax consequences, for each party, of an award of spousal support;
(m) The lost income production capacity of either party thatresulted from that party's marital responsibilities;
(n) Any other factor that the court expressly finds to be relevant and equitable. (Emphasis added.)
 {¶ 9} In the case sub judice, the trial court found, and the record amply supports those findings, that (1) the parties enjoyed over twenty-five years of marriage; (2) the parties enjoyed a high standard of living during those years; (3) the appellant has a medical education that the appellee does not have; (4) the appellee helped to support the family while the appellant attended medical school, thus allowing the appellant to pursue his studies full-time; and (5) while their children were young, the appellee had the responsibility of caring for them, thus foregoing any further career advancement. Consequently, although the trial court considered the parties' earning capacities, it also found other applicable R.C. 3105.18(C)(1) factors. This is well within the trial court's providence.
 {¶ 10} It is well-settled that trial courts enjoy broad discretion when awarding spousal support. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83; Cherry v. Cherry
(1981) 66 Ohio St.2d 348, 421 N.E.2d 1293. Generally, decisions on such matters will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24,550 N.E.2d 178; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597. When applying the abuse of discretion standard, appellate courts are admonished that they should not substitute their judgment for that of the trial court. SeeState ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991).57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Moreover, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; also seeBragg v. Hatfield, Vinton App. No. 02CA567, 2003-Ohio-1441, ¶ 22.
 {¶ 11} After our review of the facts and counsels' arguments in the case at bar, we are not persuaded that the trial court abused its discretion. The evidence shows that the parties enjoyed a high standard of living during their long term marriage. Appellee largely stayed at home and helped to raise their children, and then worked to support the family after the appellant decided to attend medical school. Now that the appellant has completed his education, he has an income (at least for 2003) more than triple the appellee's earnings. Appellee acknowledged that she worked only thirty-two hours per week, but stated that this is the most that her employer permits her work. Given these factors, we simply cannot say that the trial court's decision to award $2,500 per month in spousal support is arbitrary, unreasonable or unconscionable.
 {¶ 12} We also note that the current version of R.C. 3105.18
does not require, unlike it predecessor version that was effective prior to January 1, 1991, that a spousal support award be "necessary." Rather, the amended statute requires courts to determine whether spousal support is "appropriate and reasonable."
 {¶ 13} In 1 Sowald Morganstern, Ohio Domestic Relations Law (2002) 643, Section 13:8, the authors wrote:
"Strictly construed, RC 3105.18(C)(1) does not require a party seeking support to show that an award of support is necessary. Rather, the statute directs the trial court to use the broader standard of whether support is reasonable and appropriate. Although RC 3105.18 has been changed from requiring a determination as to whether spousal support is necessary to a determination as to whether spousal support is appropriate and reasonable, need continues to be a relevant consideration in that if a person needs spousal support it is likely to be appropriate and reasonable to order spousal support. However, the prior standard of `necessary' has been found to be a higher standard than `appropriate and reasonable.'
Awards of spousal support are not limited to meeting the needs of the obligee. Large awards of spousal support have been affirmed by the courts of appeal on the basis that they are `appropriate and reasonable.'"
(Citations omitted).
 {¶ 14} Thus, courts now have the duty to look beyond mere need or sustenance, and determine, based upon the unique facts present in each individual case, whether a specific award is appropriate and reasonable.
 {¶ 15} For these reasons, we find no merit in the assignment of error and it is hereby overruled. We hereby affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] Two children, both now emancipated, were born as issue of the marriage. When the children were young, the appellee worked outside the home part-time and the appellant worked full-time.
[2] The parties had agreed as to the marital property division.